Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1998 | **DATE** | 7/28/10 |
| **CASE TITLE** | SALVATORE DEPIANO v. MICHAEL J. ASTRUE, Commissioner of Social Security | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Plaintiff's motion for summary judgment [14]. The decision of the Administrative Law Judge is reversed. The case is closed. All pending dates and motions are terminated as moot.

■ [ For further details see text below.]   Docketing to mail notice.

## STATEMENT

This is an appeal of a decision by an Administrative Law Judge (ALJ) denying disability insurance benefits to Plaintiff Salvatore DePiano. Defendant Astrue, the Commissioner of Social Security, concedes that if DePiano's condition limited him to sedentary jobs, he would be disabled under the Medical-Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.10; *see also Dixon v. Massanari*, 270 F.3d 1171, 1175 n.1 (7th Cir. 2001). The Commissioner has set forth a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Because the ALJ decided the case at Step 5 of the sequential evaluation process, (A.R. 281), the Commissioner bears the burden of showing that DePiano can successfully perform a significant number of jobs that go beyond sedentary work, *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

The ALJ noted that DePiano requires a "sit/stand option at will" in order to perform work. (A.R. 278.) At DePiano's hearing, the Commissioner's vocational expert did not identify a single job in the "light work" category that would allow for such an option. In fact, the ALJ stated that "[p]er the vocational expert, light work does not allow sit-stand option at will [sic]." (A.R. 281.) For some reason, the ALJ found that "[t]his does not, however, mean the claimant can only do sedentary work." (*Id.*) However, this is precisely what it means. The ALJ seems to have based her decision on the fact that "[a]ccording to the Regulations, the ability to do light work includes an ability to do sedentary work." (*Id.*) Because the requirements for sedentary work are, for the most part, lower than the requirements for light work, this is in some sense true. *See* 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time"). However, this does not support the conclusion that a person that can do sedentary work can necessarily do

light work as well.

The Commissioner urges the Court to remand the case to the ALJ for additional proceedings, noting that the Court can only grant an outright award or denial of benefits on appeal if "the record can yield but one supportable conclusion." *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). However, the record in this case is devoid of evidence that DePiano can perform light work. As noted above, it was the Commissioner's burden to put that evidence into the record. The Commissioner's failure to meet its burden resulted in a record that can yield but one supportable conclusion: DePiano is disabled under the Medical-Vocational Guidelines. Thus, the Court grants DePiano's motion for summary judgment and reverses the ALJ's decision.

*Wm. J. Hibbler*